UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
PARRISH PASCHALL,

           *Plaintiff,*                          **19 CV 09102**

     *v.*

                                          **COMPLAINT**

STARBUCKS CORPORATION,

           *Defendant.*
------------------------------------------------------------------------×

       Plaintiff Parrish Paschall, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant Starbucks Corporation ("Starbucks") as follows:

## PRELIMINARY STATEMENT

       1.      On May 14, 2012, Starbucks hired Mr. Paschall (Black) as a Store Manager. From July 2018 to September 2018, Mr. Paschall took an approved leave under FMLA for 12 weeks to care for his son with autism.  In early 2019, Mr. Paschall's home aide for his son resigned.  In early March 2019, Mr. Paschall requested an accommodation: to step down from Manager to a Shift Supervisor due to his son's maladjustment to home health aide replacements. Starbucks denied the request without any attempt to identify another.  Starbucks, however, often allows its employees to accept position change to accommodate other obligations.  That is, similarly, situated White employees with non-disabled children who had not presently taken FMLA are accommodated.  On May 6, 2019, Mr. Paschall was constructively discharged, as Starbucks would not follow its established practice and accommodate him, forcing him to resign.

       2.      Plaintiff seeks damages and costs against Defendant for retaliating against him by denying him an accommodation given to similarly situated employees who had not previously taken FMLA leave, in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq*.

3. Plaintiff seeks damages and costs against Defendant for discriminating against him based on race by denying him an accommodation given to similarly situated White employees, in violation of Section 1981 of the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981 and the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 290 *et seq.*

4. Plaintiff seeks damages and costs against Defendant for discriminating against him based on family status by denying him an accommodation given to similarly situated employees without children, in violation of the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 290 *et seq.*

**JURISDICTION AND VENUE, AND ADMINISTRATIVE PREREQUISITES**

5. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under 1981 and FMLA.

6. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over Plaintiff's claims, as the matter in controversy exceeds $75,000 and is between citizens of different states:

   a. Plaintiff is a citizen of the State of New York, as he is domiciled in the State of New York.

   b. Upon information and belief, Defendant is a citizen of the State of Washington, as it is a corporation organized under the laws of the State of Washington, and its headquarters are located in the State of Washington.

7. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's NYSHRL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

9. Plaintiff respectfully requests a trial before a jury.

## PARTIES

10. Plaintiff, at all times relevant hereto, was and is a resident of Bronx County in the State of New York.

11. Upon information and belief, at all times relevant hereto, Defendant was and is a foreign corporation organized under the laws of the State of Washington with its headquarters located at 2401 Utah Avenue South, Seattle, Washington 98134.

## STATEMENT OF FACTS

12. On May 14, 2012, Starbucks hired Mr. Paschall as a Store Manager at one of its stores in New York City located at 53rd and Lexington Avenue.

13. In or around May 2014, Starbucks transferred Mr. Paschall to a location in Suffern, New York.

14. In or around April 2015, Amy Lundin, District Manager, transferred Mr. Paschall to a Starbucks location in White Plains, New York, located at 200 Main Street, White Plains, New York 10601.

15. In April 2017, while working in the White Plains location, Mr. Paschall was asked to manage two additional stores located in Hartsdale, New York for a few months.

16. From April to June 2017, Mr. Paschall managed three stores in total.

17. During Mr. Paschall's 6-year employment with Starbucks, he had outstanding reviews and won the Manager of the Quarter Award in 2017.

18. Mr. Paschall has a son with autism.

19. Starting from July 2018 to September 2018, Mr. Paschall took an approved leave under FMLA for 12 weeks to care for his son.

20. In early 2019, Mr. Paschall's home aide for his son resigned, leaving the son without a caregiver during the day.

21. In March 2019, the same month, due to this change in Mr. Paschall's familial status, he requested an accommodation to step down from the Manager position to a Shift Supervisor position and a modification of his working hours.

22. Ms. Lundin however, outright rejected Mr. Paschall's requests and responded, "That's not something we can do at this time."

23. Mr. Paschall contacted Starbucks Human Resources ("HR") department and was directed to call Bethanie Thompson, Regional HR director.

24. Ms. Thompson stated that she did not support the idea of Mr. Paschall stepping down to the Shift Supervisor position and suggested that he take another leave.

25. Starbucks had a policy that allows its employees to take a demotion and/or modification of working hours.

26. For example, in August of 2018, Starbucks allowed Alissa Mennella (White), Store Manager, to step down to a Supervisor position when she became a nurse.

27. Ms. Mennella has not worked a shift since September 2018 but still remains in the company system with benefits, such as store discount, stock purchases and other employee perks.

28. Upon information and belief, in or around November 2018, Starbucks allowed Ryan Kobetitsch (White), Store Manager, to work restricted hours and to step down to the Supervisor position after he took a personal leave of absence.

29. Starbucks also allowed Cynthia (White), Store Manager, to take a personal leave of absence and return as a Supervisor with restricted working hours after she experienced a death in the family.

30. In sum, other white employees not associated with someone with a disability and had not previously taken FMLA were provided accommodations—Starbucks granted their requests.

31. On April 15, 2019, Mr. Paschall started his second FMLA leave which lasted for two weeks.

32. Although Mr. Paschall genuinely wished to continue working at Starbucks, he could no longer work there while leaving his autistic son home alone since Starbucks refused to grant him accommodations.

33. Therefore, on May 6, 2019, Mr. Paschall was constructively discharged and had to submit a letter of resignation as a Store Manager to Ms. Lundin.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Retaliation in Violation of FMLA

34. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 33 with the same force as though separately alleged herein.

35. The FMLA prohibits an employer from retaliating against an employee for engaging in protected activity under the FMLA.

36. Plaintiff requested FMLA leave due to his son's medical condition, which he received.

37. Defendant, however, retaliated against Plaintiff by later denying him request for an accommodation, despite accommodating other employees who had not taken FMLA leave.

38. As such, Defendant has violated the FMLA.

39. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and liquidated damages, all in amounts to be determined at the hearing of this action.

## SECOND CAUSE OF ACTION
### Race Discrimination in Violation of 42 U.S.C. § 1981

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41. Section 1981 prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of race.

42. Defendant discriminated against Plaintiff based on his race by denying his request for accommodation, despite accommodating other employees.

43. As such, Defendant violated § 1981.

44. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress and suffering, all in amounts to be determined at trial.

45. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION

**Association with Disable Person Discrimination in Violation of NYSHRL**

46. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 45 with the same force as though separately alleged herein.

47. The NYSHRL prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of the employee's association with a person with disability.

48. Plaintiff informed Defendant that he requested an accommodation due to his son's disability.

49. Defendant denied Plaintiff's request for an accommodation to care for his son, despite accommodating other employees who do not associate with disabled individuals.

50. As such, Defendant violated the NYSHRL.

51. As a direct and proximate consequence of Defendant's discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress and suffering, all in amounts to be determined at trial.

**FOURTH CAUSE OF ACTION**
**Race Discrimination in Violation of NYSHRL**

52. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 51 with the same force as though separately alleged herein.

53. The NYSHRL prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of race.

54. Defendant discriminated against Plaintiff based on his race by denying his request for accommodation, despite accommodating other employees.

55. As such, Defendant violated the NYSHRL.

56. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress and suffering, all in amounts to be determined at trial.

### FIFTH CAUSE OF ACTION
### Familial Status Discrimination in Violation of NYSHRL

57. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 56 with the same force as though separately alleged herein.

58. The NYSHRL prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of familial status.

59. For example, if an employer who routinely grants workplace adjournments for employees attending school shall not deny the same to employees based on familial status.

60. Due to Plaintiff's son's condition, Plaintiff requested an accommodation.

61. Defendant did not grant Plaintiff's request to an accommodation for caring for his son, despite accommodating other employees who do not need to care for family members.

62. As such, Defendant violated NYSHRL since Defendant granted accommodation to another employee who was attending nursing school.

63. As a direct and proximate consequence of Defendant's discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress and suffering, all in amounts to be determined at trial.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, economic loss, liquidated damages and attorney's fees, to be determined at trial;

B. For the second cause of action, economic loss, emotional distress damages, attorney's fees, and punitive damages, to be determined at trial;

C. For the third cause of action, economic loss and emotional distress damages, to be determined at trial;

D. For the fourth cause of action, economic loss and emotional distress damages, to be determined at trial;

E. For the fifth cause of action, economic loss and emotional distress damages, to be determined at trial;

F. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 1, 2019

By: _/s/ Walker G. Harman, Jr._
Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, LLP
381 Park Avenue South, Suite 1220
New York, NY 10016
(212) 425-2600
wharman@theharmanfirm.com

*Attorneys for Plaintiff*