UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PARRISH PASCHALL,

            Plaintiff,

-against-

STARBUCKS CORPORATION,

            Defendant.

**ANSWER TO COMPLAINT**

19-CV-9102 (DAB)

      Defendant Starbucks Corporation ("Starbucks" or "Defendant"), by and through its counsel Littler Mendelson, P.C., for its answer to Plaintiff's Complaint responds as follows:

**PRELIMINARY STATEMENT**

      1.    Denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Starbucks hired Plaintiff on May 21, 2012, as a store manager trainee; on July 2, 2018, Plaintiff was approved for (and went out on) a Family and Medical Leave Act ("FMLA") leave of absence; Plaintiff returned to work on or about September 24, 2018; Plaintiff was issued a Performance Improvement Plan ("PIP") on or about March 5, 2019; on March 8, 2019, Plaintiff spoke with Ms. Amy Lundin and, for the first time, stated he thought it would be best if he stepped down to a shift supervisor position; and Plaintiff sent Ms. Lundin an e-mail on May 6, 2019, which contained a letter advising Starbucks of his voluntary resignation.

      2.    Denies the allegations set forth in Paragraph 2 of the Complaint, except admits that Plaintiff purports to bring this action under FMLA, 29 U.S.C. §§ 2601 *et seq*. Denies that Defendant engaged in any unlawful conduct that would give rise to any cause of action or entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies he seeks.

3. Denies the allegations set forth in Paragraph 3 of the Complaint, except admits that Plaintiff purports to bring this action under Civil Rights Act of 1866, 42 U.S.C § 1981, as amended by the Civil Rights Act of 1991 and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*. Denies that Defendant engaged in any unlawful conduct that would give rise to any cause of action or entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies he seeks.

4. Denies the allegations set forth in Paragraph 4 of the Complaint, except admits that Plaintiff purports to bring this action under NYSHRL. Denies that Defendant engaged in any unlawful conduct that would give rise to any cause of action or entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies he seeks.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required.

6. Paragraph 6 of the Complaint sets forth conclusions of law to which no response is required.

   a. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 6(a) of the Complaint.

   b. Admits the allegations set forth in Paragraph 6(b) of the Complaint.

7. Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required.

8. Paragraph 8 of the Complaint sets forth conclusions of law to which no response is required.

## PARTIES

9. Paragraph 9 of the Complaint is a jury demand to which no response is required.

**STATEMENT OF FACTS**

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 10 of the Complaint.

11. Admits the allegations set forth in Paragraph 11 of the Complaint.

12. Denies the allegations set forth in Paragraph 12 of the Complaint, except admits Plaintiff was hired on May 21, 2012, as a store manager trainee, and on July 23, 2012, he was promoted to store manager at store #7655, 54th Street and Lexington Avenue.

13. Denies the allegations set forth in Paragraph 13 of the Complaint.

14. Denies the allegations set forth in Paragraph 14 of the Complaint.

15. Denies the allegations set forth in Paragraph 15 of the Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Complaint.

17. Denies the allegation in Paragraph 17 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff won the Manager of the Quarter Award in 2017.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 19 of the Complaint, except admits that Plaintiff was approved for (and went out on) FMLA leave of absence from July 2, 2018, through September 24, 2018.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 20 of the Complaint.

21. Denies the allegations set forth in Paragraph 21 of the Complaint.

22. Denies the allegations set forth in Paragraph 22 of the Complaint.

23. Denies the allegations set forth in Paragraph 23 of the Complaint, except admits that on March 25, 2019, Plaintiff contacted Bethany Thompson, Regional Partner Resources Manager.

24. Denies the allegations set forth in Paragraph 24 of the Complaint.

25. Denies the allegations set forth in Paragraph 25 of the Complaint.

26. Denies the allegations set forth in Paragraph 26 of the Complaint, except admits that Alyssa Mennella was reclassified from Store Manager to Shift Supervisor.

27. Denies the allegations set forth in Paragraph 27 of the Complaint.

28. Denies the allegations set forth in Paragraph 28 of the Complaint, except admits that Ryan Kobetitsch was reclassified from Store Manager to Shift Supervisor.

29. Denies the allegations set forth in Paragraph 29 of the Complaint, except admits that Cynthia Kanner was reclassified from Store Manager to Shift Supervisor.

30. Denies the allegations set forth in Paragraph 30 of the Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Complaint.

32. Denies the allegations set forth in Paragraph 32 of the Complaint.

33. Denies the allegations set forth in Paragraph 33 of the Complaint, except admits Plaintiff sent Ms. Lundin an e-mail on May 6, 2019, which contained a letter advising Starbucks of his voluntary resignation.

## **CAUSES OF ACTION**
### **FIRST CAUSE OF ACTION**
### **Retaliation in Violation of FMLA**

34. In response to paragraph 34 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 33 as if fully set forth herein.

35. Paragraph 35 of the Complaint sets forth conclusions of law to which no response is required.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 36 of the Complaint, except admits that Plaintiff was approved for (and went out on) FMLA leave of absence from July 2, 2018, through September 24, 2018.

37. Denies the allegations set forth in Paragraph 37 of the Complaint.

38. Denies the allegations set forth in Paragraph 38 of the Complaint.

39. Denies the allegations set forth in Paragraph 39 of the Complaint.

### SECOND CAUSE OF ACTION
### Race Discrimination in Violation of 42 U.S.C. § 1981

40. In response to paragraph 40 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 39 as if fully set forth herein.

41. Paragraph 41 of the Complaint sets forth conclusions of law to which no response is required.

42. Denies the allegations set forth in Paragraph 42 of the Complaint.

43. Denies the allegations set forth in Paragraph 43 of the Complaint.

44. Denies the allegations set forth in Paragraph 44 of the Complaint.

45. Denies the allegations set forth in Paragraph 45 of the Complaint.

### THIRD CAUSE OF ACTION
### Association with Disable Person Discrimination in Violation of NYSHRL

46. In response to paragraph 46 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 45 as if fully set forth herein.

47. Paragraph 47 of the Complaint sets forth conclusions of law to which no response is required.

48. Denies the allegations set forth in Paragraph 48 of the Complaint.

49. Denies the allegations set forth in Paragraph 49 of the Complaint.

50. Denies the allegations set forth in Paragraph 50 of the Complaint.

51. Denies the allegations set forth in Paragraph 51 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Race Discrimination in Violation of NYSHRL**

52. In response to paragraph 52 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 51 as if fully set forth herein.

53. Paragraph 53 of the Complaint sets forth conclusions of law to which no response is required.

54. Denies the allegations set forth in Paragraph 54 of the Complaint.

55. Denies the allegations set forth in Paragraph 55 of the Complaint.

56. Denies the allegations set forth in Paragraph 56 of the Complaint.

**FIFTH CAUSE OF ACTION**
**Familial Status Discrimination in Violation of NYSHRL**

57. In response to paragraph 57 of the Complaint, Defendant repeats and realleges each and every response to paragraphs 1 through 56 as if fully set forth herein.

58. Paragraph 58 of the Complaint sets forth conclusions of law to which no response is required.

59. Paragraph 59 of the Complaint sets forth conclusions of law to which no response is required.

60. Denies the allegations set forth in Paragraph 60 of the Complaint.

61. Denies the allegations set forth in Paragraph 61 of the Complaint.

62. Denies the allegations set forth in Paragraph 62 of the Complaint.

63. Denies the allegations set forth in Paragraph 63 of the Complaint.

**DEMAND FOR RELIEF**

Deny that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause of the Complaint or to any relief of any kind from Defendant.

**GENERAL DENIAL**

Defendant denies each and every allegation not specifically admitted herein including, but not limited to, the unnumbered headings in the Complaint.

**DEFENSES**

**FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted and/or upon which prejudgment interest can be awarded.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, laches, and/or unclean hands.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to timely and/or properly exhaust all necessary administrative, procedural, statutory, and/or jurisdictional prerequisites for commencement of this action.

**FOURTH DEFENSE**

Plaintiff's claims are barred because the employment actions about which he complains were based on legitimate, non-discriminatory factors, and alternatively, if they were not, then the same actions would have been taken regardless.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent he failed to exercise reasonable diligence to mitigate his damages. Alternatively, if Plaintiff did mitigate his damages, Defendant is entitled to an offset against any damages allegedly due to Plaintiff.

**SIXTH DEFENSE**

To the extent Plaintiff is seeking punitive damages, Defendant did not engage in any intentional wrongdoing, nor did they depart from any prescribed or known standard of action, nor did they engage in any willful, wanton, malicious, reckless, or egregious conduct, and, consequently, no sufficient basis exists to support a claim for punitive damages.

**SEVENTH DEFENSE**

The claims in the Complaint, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment, including any claims for recovery of medical costs or expenses allegedly incurred with any of them, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

**EIGHTH DEFENSE**

Plaintiff's injuries, suffering, and damages, if any, were caused by his own conduct and not by any legal duty Defendant owed to Plaintiff.

**NINTH DEFENSE**

To the extent that Plaintiff claims he suffered any emotional distress, there was no intent to inflict such emotional distress on Plaintiff and such distress was not severe or outrageous.

**TENTH DEFENSE**

Plaintiff is not entitled to liquidated damages or punitive damages. Defendant, at all times, acted in good faith and with reasonable grounds to believe that their own acts or omissions were not in violation of 42 U.S.C § 1981 or any other legal duty owed to Plaintiff.

**ELEVENTH DEFENSE**

Defendant engaged in good faith efforts to prevent and correct unlawful discrimination and retaliation and to comply with the applicable anti-discrimination and anti-retaliation laws.

**TWELFTH DEFENSE**

To the extent it may later be determined that any person committed unlawful acts as alleged in the Complaint, which is expressly denied, such acts were committed without the knowledge of Defendant and without Defendant's authorization, ratification or notification, and to the extent that such persons were Defendants' employees, such acts were outside the scope of any employee's duties with Defendant. Accordingly, Defendant is not liable under the doctrine of *respondeat superior* or otherwise for the alleged unlawful acts and conduct of any such persons.

**THIRTEENTH DEFENSE**

Defendant did not know, nor should it have known, of any discriminatory or retaliatory conduct and, thus, it did not fail to take immediate and appropriate corrective actions.

**FOURTEENTH DEFENSE**

Defendant did not aid, abet, ratify, condone, encourage or approve any allegedly discriminatory conduct as alleged by Plaintiff.

**FIFTEENTH DEFENSE**

Defendant reserves the right to assert additional defenses as established by the facts of this case.

WHEREFORE, Starbucks respectfully request judgment in its favor and against Plaintiff granting the following relief:

a. Dismissing Plaintiff's Complaint in its entirety;

b. Awarding Starbucks its costs, disbursements and attorneys' fees incurred in defending this action; and

c. Any such other and further relief in Starbuck's favor as the Court deems just and proper.

Dated: December 9, 2019
New York, New York

/s/Jean L. Schmidt
Jean L. Schmidt, Esq.
James F. Horton, Esq.
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, NY  10022
(212) 497-8486

*Attorneys for Defendant Starbucks Corporation*